R. M. NICHOLS, Respondent, v. LON V. STEPHENS, Receiver, Appellant.

St. Louis Court of Appeals, November 13, 1888.

National Bank: INCREASE OF STOCK : SUBSCRIBERS' RIGHTS AND LIABILITIES. The material facts and questions considered in this cause are substantially identical with those in *Schierenberg v. Stephens, ante,* p. 314, and the conclusions of the circuit court were of like effect.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Draffen & Williams* and *D. W. Shackleford,* for the appellant.

[For points and authorities of counsel for the appellant, see the same in *Schierenberg v. Stephens, ante,* p. 314].

*R. M. Nichols, pro se.*

The evidence shows that respondent subscribed for ten shares of one hundred dollars each to an increase of capital stock of said bank, in the sum of two hundred thousand dollars ; until that amount was subscribed, paid in the hands of the bank, and certified and approved by the comptroller of the currency, his subscription was provisional and conditional. Thomp. on Liab. of Stockh. sec. 120; R. S. of U. S. 1878, sec. 5142.; *Delano v. Butler,* 118 U. S. 634 ; *People v. Charleston,* 5 S. C. 103 ; *Curtis v. Bank,* 144 Mass. 274 ; *Haskell v. Worthington,* 94 Mo. 560 ; Morawetz on Corp. sec. 57. The scheme of increase of capital having aborted by reason of the insolvency of the bank, and its consequent inability to perform its part of the contract, there was an entire failure of consideration, and

respondent can recover. Metc. on Cont. 219; *Lovelle v. Ins. Co.*, 111 U. S. 264; *United States v. Behan*, 110 U. S. 338; Morawetz on Corp. sec. 721; *Spring Co. v. Knowlton*, 103 U. S. 49. No *de-facto* increase can be made when the increase would be *ultra vires*. *Scovil v. Thuyer*, 105 U. S. 143; *Spring Co. v. Knowlton*, 103 U. S. 49. Respondent was no party to the matter sought to be shown as an estoppel, and had no knowledge of it. Silence in the absence of knowledge will not work an estoppel. *Martin v. Johnson*, 23 Mo. App. 96; *Frederick v. Railroad*, 82 Mo. 402. The evidence shows that the money was received by the bank to be applied on a specified contract; that the bank regarded the money so received as a trust fund for that purpose; it was then a trust fund, and although it had no ear-marks, and was mingled with other moneys of the bank, the receiver took the assets of the bank impressed with the trust. Perry on Trusts, sec. 82; *Judy v. Bank*, 81 Mo. 404; *Harrison v. Smith*, 83 Mo. 210; *Stoller v. Coates*, 88 Mo. 514; *Bank v. Ins. Co.*, 104 U. S. 84. The receiver can deliver the special trust fund to the owners thereof. R. S. U. S. 1878, sec. 5228; *Saddler v. Graham*, 100 U. S. 699. The finding and judgment should be that the receiver receive the assets of the bank impressed with the trust in favor of respondent, and that he pay respondent's claim in full out of the assets of said bank. R. S. U. S. 1878, sec. 5228; *Saddler v. Graham*, 100 U. S. 699.

ROMBAUER, P. J., delivered the opinion of the court.

The questions arising in this case are similar to those discussed and decided at the present term in the case of *Schierenberg v. Stephens*, *ante*, p. 314. The pleadings herein are substantially the same as in that case, except that it is not averred in defendant's answer, that the advertisements by the bank stating that its capital stock had been increased were made with the plaintiff's knowledge and consent. The defendant's answer was not demurred to as in the *Schierenberg case*, but the

plaintiff took issue by reply, denying the affirmative defense.

The case was tried as a proceeding in equity and the court upon the hearing, rendered judgment against the receiver.

It is needless to set out the evidence in detail, since it is conceded by counsel for the receiver that the allegations of plaintiff's petition have been substantiated by proof, and that unless the facts set up by way of affirmative defense are legally sufficient to debar plaintiff's recovery he is entitled to judgment. We have held in the *Schierenberg case* that the affirmative plea was insufficient in law, which of itself disposes of this appeal in respondent's favor.

There was nothing in the proof adduced to enlarge the claim made in the receiver's answer, or to give any additional strength to the claim of an equitable estoppel on plaintiff's part. On the contrary it appeared affirmatively that the plaintiff was never recognized as a stockholder by the bank. The bank kept an account of the aggregate amounts, paid on account of the proposed increase of stock under the heading "Trust Fund, Increase of Capital," and kept a detailed account in a separate book under the heading, " Subscription paid, Increase of Capital Stock." It affirmatively appeared that although the bank reported from time to time the amounts paid in on those subscriptions to the comptroller of the currency, it never reported its capital stock as exceeding three hundred thousand dollars, but reported the excess as "paid in and not certified to." It was not shown that the plaintiff knew anything of the advertisements and circulars of the bank which stated that the capital stock had been increased, and it appeared affirmatively that the comptroller of the currency took no action touching the actual increase and never issued any certificate approving it, but in his last official report preceding the suspension of the bank stated its capital stock to be three hundred thousand dollars only.

It will be thus seen that the judgment of the trial court herein was warranted regardless even of the fact

whether the affirmative defense was sufficient in law, since the affirmative defense was not substantiated by the evidence.

Judgment affirmed.   All concur.